UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANGELINA CRESS,

Plaintiff,

v.

ROBERT WONES, S&R PROPERTY MANAGEMENT, TIMOTHY WERT, DIANE HARDY and WELTY PROPERTIES INC.,

Defendants.

CIVIL NO. 00-1549 (RHK/JMM)

ORDER

The above matter came on for hearing before the undersigned on October 18, 2000 upon Defendant Robert Wones and S&R Property's Motion for Protective Order and to Seal the Court File [Docket No. 16] and Defendant Welty Properties' Motion for Protective Order [Docket No. 20].[1] Kevin Reuther, Esq. and Philip H. Grove, Esq., appeared on behalf of Plaintiff; Kurtis L. Berg, Esq. and Patricia A. Whitney, Esq. appeared on behalf of Defendants Robert Wones and S&R Property Management; Thomas A. Gilligan, Jr., Esq. appeared on behalf of Defendants Timothy Wert and Diane Hardy; and Susan D. Thurmer, Esq. appeared on behalf of Defendant Welty Properties, Inc.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Defendant Robert Wones and S&R Property's Motion for Protective Order [Docket No. 16] is denied;

---

[1] The Motion of Defendants Wones and S&R Property Management included an alternative Motion for an Injunction pursuant to the provisions of Rule 65(d) [Docket No. 16]. This Motion is considered in a separate Report and Recommendation filed today.

FILED NOV 06 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

2. Defendants Wones and S&R Property Management's Motion to Seal the Court File [Docket No. 16] is denied; and

3. Defendant Welty Properties' Motion for Protective Order [Docket No. 20] is denied.

Dated: November 6, 2000

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

The Complaint in this matter alleges that Defendants violated federal and state law, and discriminated against Plaintiff, by requiring sexual favors as a condition of rental of residential property. The Motions now under consideration concern the conduct by counsel for Plaintiff in distributing a flyer on Defendants' property. The Flyer is on the letterhead of the Legal Aid Society of Minneapolis, and states:

> "HAVE YOU BEEN SEXUALLY HARASSED BY YOUR LANDLORD?
>
> "Legal Aid represents 2 women who say that they had to have sex with Robert Wones to get an apartment. A landlord cannot ask for sex from a tenant to get an apartment. This is against state and federal law.
>
> "If this has happened to you, or if you have any information about possible sexual harassment by Robert Wones, please contact Sarah Garland or Andrew Karlson at Legal Aid: (612) 827-3774."

Defendants contend that the distribution of these Flyers is a violation of trespass law, and the Rules of Professional Conduct. They seek an Order pursuant to the

provisions of Rule 26(c) which would set conditions on the content and distribution of the Flyer, and would require the sharing of the information obtained in response to the Flyer. Plaintiff offers several arguments in opposition to the Motions. It is not necessary to rule upon all of the arguments, since we conclude that the relief sought is not available under the procedures of Rule 26(c).

The caption of Rule 26 of the Federal Rules of Civil Procedure discloses that it contains "General Provisions Governing Discovery; Duty of Disclosure." When the Rules were amended in 1970, the numbering of certain rules was rearranged. As the Advisory Committee Notes to those amendments state: "The purpose of this rearrangement is to establish Rule 26 as a rule governing discovery in general." (Emphasis supplied). Rule 26(c), under which these Motions are brought, is even more specific. In subparts (1) through (8) it specifies the type of discovery relief which may be afforded to a party.

The fact that Rule 26(c) is limited to application in matters involving discovery disputes is also shown by these comments in a treatise: "Rule 26(c) empowers the court to make a wide-variety of orders for the protection of parties and witnesses in the discovery process." 8 Wright-Miller-Marcus Federal Practice and Procedure, § 2035, p. 474 (1994)(emphasis supplied). "Rule 26(c) was adopted as a safeguard for the protection of parties and witnesses in view of the almost unlimited right of discovery given by Rule 26(b)(1). The provision emphasizes the complete control that the court has over the discovery process." Id., § 2036, p. 487-488.

It is apparent to the Court that the dispute between the parties is not a discovery dispute, and does not relate to any of the discovery devices authorized by the Rules. It concerns the independent activity of a party seeking to make inquiry into the

identity of potential witnesses, and to interview such witnesses if found. Moreover, the relief sought is not the kind of relief which may be granted as a Protective Order under Rule 26(c)(1) through (8). Since the dispute between the Parties is not a dispute involving the use of discovery, the Court is not authorized to take the action sought by Defendants based upon that Rule.

We deny the Motion to seal the Court file without prejudice. We are not persuaded by the legal authorities and the facts disclosed in the Affidavits presented that such an Order would be warranted in this case at this time.

J.M.M.