UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANGELINA CRESS,

Plaintiff,

v.

ROBERT WONES, S&R PROPERTY MANAGEMENT, TIMOTHY WERT, DIANE HARDY and WELTY PROPERTIES INC.,

Defendants.

CIVIL NO. 00-1549 (RHK/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on October 18, 2000 upon Defendant Robert Wones and S&R Property's Alternative Motion for an Injunction pursuant to the provisions of Rule 65(d) [Docket No. 16]. Kevin Reuther, Esq. and Philip H. Grove, Esq., appeared on behalf of Plaintiff; Kurtis L. Berg, Esq. and Patricia A. Whitney, Esq. appeared on behalf of Defendants Robert Wones and S&R Property Management; Thomas A. Gilligan, Jr., Esq. appeared on behalf of Defendants Timothy Wert and Diane Hardy; and Susan D. Thurmer, Esq. appeared on behalf of Defendant Welty Properties, Inc. The matter was referred to the undersigned by Judge Richard H. Kyle for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that the Motion be denied.

**FINDINGS OF FACT/REPORT**

This matter is before the Court on the Alternative Motion of Defendants Robert Wones and S&R Property Management's Motion for an Injunction pursuant to the

FILED NOV 06 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

provisions of Rule 65(d) [Docket No. 16]. The Motion of the Parties for a Protective Order under Rule 26(c) was denied in a separate Order. For convenient reference, we repeat verbatim in this Report and Recommendation the background information concerning this case which we include in the Order.

## **Background**

The Complaint in this matter alleges that Defendants violated federal and state law, and discriminated against Plaintiff, by requiring sexual favors as a condition of rental of residential property. The Motion now under consideration concerns the conduct by counsel for Plaintiff in distributing a flyer on Defendants' property. The Flyer is on the letterhead of the Legal Aid Society of Minneapolis, and states:

> "HAVE YOU BEEN SEXUALLY HARASSED
> BY YOUR LANDLORD?
>
> "Legal Aid represents 2 women who say that they had to have sex with Robert Wones to get an apartment. A landlord cannot ask for sex from a tenant to get an apartment. This is against state and federal law.
>
> "If this has happened to you, or if you have any information about possible sexual harassment by Robert Wones, please contact Sarah Garland or Andrew Karlson at Legal Aid: (612) 827-3774."

Defendants contend that the distribution of these Flyers is a violation of trespass law, and the Rules of Professional Conduct. They seek an Injunction in a form set forth in their moving papers and proposed Order.

Under <u>Dataphase Systems, Inc. v. CL Systems, Inc.</u>, 640 F.2d 109 (8th Cir. 1981), the Court must consider the following factors in analyzing whether to grant relief when presented with a motion seeking injunctive relief:

(1) the threat of irreparable harm to the movant;
(2) the state of balance between that harm and the injury that granting the injunction will inflict on other litigants;
(3) the probability that the movant will succeed on the merits; and
(4) the public interest.

Dataphase Systems, Inc., 620 F.2d at 114; Davis v. Francis Howell Sch. Dist., 104 F.3d 204, 205 (8th Cir. 1997). The party seeking the injunction has the burden of establishing these factors. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989); Davis, 104 F.3d at 205-06. The grant of preliminary relief is within the discretion of the district court. Dataphase Sys., Inc., 640 F.2d at 114 n.8.

Plaintiff raises numerous grounds upon which it urges that the District Court should deny the Motion for an Injunction. It is not necessary to consider all of them to reach the conclusion that the Motion should be denied.

In considering the Dataphase criterion relating to "the probability that the movant will succeed on the merits" the District Court should have in mind the merits underlying the request for a permanent injunction. There is no counterclaim, nor any prayer for relief by Defendants seeking an injunction. As Plaintiff points out, there is no underlying claim upon which the District Court could grant a permanent injunction. Under these circumstances, there is no basis upon which the Court could grant an injunction. This reason alone requires that the Motion be denied.

We also recommend that the Motion for an Injunction be denied because we are not satisfied that there are no adequate legal remedies, nor that the potential harm to

the moving parties is irreparable. First, the Court cannot find on the basis of the record before it that there is an imminent threat that Plaintiff will continue to distribute these Flyers, nor that it will do so in the manner challenged by Defendants. Under these circumstances, an injunction is unwarranted. See Medical Graphics Corp. v. Sensormedics Corp., 872 F. Supp. 643, 651 (D. Minn. 1994)(Kyle, J.). Second, if indeed the Plaintiff or her representatives are trespassing on the property of Defendants, there are other remedies to prevent trespass, including calling police. Since there are adequate remedies at law, no injunction is warranted.

Finally, we note that the Local Rules of this Court require that a proposed Order be submitted with each motion. Local Rule 7.1(b)(1)(C). We conclude that the Order proposed by Plaintiff does not meet the requirements of Rule 65(d) of the Federal Rules of Civil Procedure. Rule 65(d) of the Federal Rules of Civil Procedure provides:

> "Every order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in its terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

Fed. R. Civ. P. 65(d). This rule "is designed to prevent uncertainty and confusion on the part of those to whom the injunction is directed, to avoid the possible founding of contempt citations on an order that is too vague to be understood, and to ascertain that the appellate court knows precisely what it is reviewing." Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd., 824 F.2d 665, 669 (8th Cir. 1987).

The attempts of Defendant at fashioning Orders which would meet the requirements of Rule 65(d) have been unsuccessful. This Court also has been unable to determine phraseology which would simultaneously comply with the requirements of Rule 65(d) and avoid interfering with rights of the Plaintiff and her counsel.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Defendant Robert Wones and S&R Property's Alternative Motion for an Injunction pursuant to the provisions of Rule 65(d) [Docket No. 16] be denied.

Dated: November 6, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before November 21, 2000 written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before November 21, 2000.